**STATE of Maine**

v.

**Terry A. BABCOCK.**

Supreme Judicial Court of Maine.

Argued May 1, 1989.
Decided May 24, 1989.

---

R. Christopher Almy, Dist. Atty., Philip C. Worden (orally), Asst. Dist. Atty., Bangor, for the State.

Wayne R. Foote (orally), Warren M. Silver, P.A., Bangor, for defendant.

Zbigniew J. Kurlanski, Saco, for amicus curiae, Maine Civil Liberties Union.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY, and COLLINS, JJ.

COLLINS, Justice.

Terry A. Babcock appeals his conviction of operating a motor vehicle with excessive blood alcohol or under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312–B (Supp.1988) entered on a conditional guilty plea in Superior Court (Penobscot County; *Smith, J.*) after the District Court (Bangor; *Kravchuk, J.*) denied his Motion to Supress. We affirm.

We have recently held that an OUI roadblock will pass constitutional scrutiny provided that officer discretion is limited, the intrusion on individual privacy interests is minimized, and a strong governmental interest is promoted. *State v. McMahon*, 557 A.2d 1324 (Me.1989); *State v. Leighton*, 551 A.2d 116 (Me.1988). In finding the *McMahon* and *Leighton* roadblocks not constitutionally unreasonable, our balancing analyses revealed minimal intrusions on Fourth Amendment interests given the lower expectation of privacy traditionally accorded to the motoring public, and an "undeniably strong interest in protecting the public from the threat of drunk drivers on our highways." *Leighton* at 118. Our examination of the roadblock in the present case discloses that the same factors render it constitutionally reasonable.

Contrary to Babcock's contention, the officer discretion that the United States Supreme Court found fatal in *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979) is absent from the present case. As we noted in *McMahon*, the fact that the officers stopped four cars at a time, rather than every car as in *Leighton*, did not render the basis for the one to two minute detention arbitrary and capricious like that for the single stop of a roving motorist in *Prouse*.[1] 557 A.2d at 1325–26.

The entry is:

Judgment affirmed.

All concurring.

---

1. In *Prouse*, the officer stopped the defendant because "[he] saw the car in the area and wasn't answering any complaints, so [he] decided to pull them off." 440 U.S. at 650–51, 99 S.Ct. at 1394.